**FILED**

**NOVEMBER 13, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AZIKIWE MADUKA,** | ) | |
| | ) | **07 C 6430** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **COOK COUNTY SHERIFF'S** | ) | **JUDGE PALLMEYER** |
| **CORRECTIONAL OFFICER** | ) | **MAGISTRATE JUDGE KEYS** |
| **JOHNSON, star # unknown, COOK** | ) | |
| **COUNTY SHERIFF'S** | ) | |
| **CORRECTIONAL OFFICER COBBS,** | ) | **JURY DEMANDED** |
| **star # unknown, COOK COUNTY** | ) | **CEM** |
| **SHERIFF'S CORRECTIONAL** | ) | |
| **OFFICER FRANKS, star # unknown,** | ) | |
| **UNKNOWN COOK COUNTY** | ) | |
| **SHERIFF'S CORRECTIONAL** | ) | |
| **OFFICERS, star #s unknown, and THE** | ) | |
| **COUNTY OF COOK, a BODY** | ) | |
| **POLITIC and CORPORATE.** | ) | |

**Defendants.**

## PLAINTIFF'S COMPLAINT

Plaintiff, Azikewe Maduka, by his attorney, Kevin Barry Rogers, for his

Complaint against Defendants, states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

   U.S.C. Sec. 1983 et seq, and Sec. 1985; the judicial code 28 U.S.C. Sec. 1331

   and Sec. 1343(a); the Fourth Amendment of the Constitution of the United

   States as incorporated and applied to state governments through the

   Fourteenth Amendment; and supplementary jurisdiction, as provided under

   U.S.C. Sec. 1367(a).

2. This is an appropriate venue because all of the alleged acts occurred within

   the Northern District of Illinois and all of the parties reside within the

Northern District of Illinois.

**<u>PARTIES</u>**

3.  Plaintiff Azikiwe Maduka is a 29 year old male, and a resident of the City of Chicago, Illinois and the United States of America.

4.  Defendants, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER JOHNSON, star # unknown, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER COBBS, star # unknown,  COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER FRANKS, star # unknown, (hereinafter collectively referred to as "Individual Defendants") are employed by the Sheriff of Cook County, are duly appointed Cook County Sheriff's correctional officers and were at all times material to this complaint, acting within the scope of their employment, were on duty, and under the color of laws.  They were acting in their individual capacities and are being sued individually.

5.  Defendant Unknown Cook County Sheriff's Correctional Officers, star #s unknown are police officers employed by the Cook County Sheriff's Correctional Department.

6.  Defendant County of Cook is a necessary party to this action and is a body politic and corporate.  Because the office of the sheriff is funded by the county, the County of Cook has a responsibility to indemnify the Individual Defendants' liability for official-capacity judgments, whether settled or litigated, as stated in *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2005).

7.  The County of Cook is responsible for the policies, practices, and customs of the Cook County Sheriff's Correctional Department, its Personnel Division,

its Internal Affairs Division ("I.A.D.").[1]

## FACTS

8.  On November 12, 2006, Plaintiff was and remained at all relevant times acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the County of Cook.

9.  On or about November 12, 2006, at approximately 3:00 p.m., Plaintiff was lawfully inside of 2700 South California, Division 8, Cermak Emergency Room, Cook County IL, and was at all relevant times acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the County of Cook.

10. At said location, date and time, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER JOHNSON, star # unknown, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER COBBS, star # unknown,  COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER FRANKS, star # unknown, UNKNOWN COOK COUNTY SHERIFF'S CORRECTIONAL OFFICERS, star #s unknown, came to of 2700 South California, Division 8, Cermak Emergency Room, seized the Plaintiff, Azikiwe Maduka, and battered him.

11. At said location, date and time, and time, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER JOHNSON, star # unknown, COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER COBBS, star # unknown,  COOK COUNTY SHERIFF'S CORRECTIONAL OFFICER FRANKS, star # unknown, UNKNOWN COOK COUNTY SHERIFF'S CORRECTIONAL

---

[1] The enunciation of this paragraph is not intended to state a claim, pursuant to *Monell v. Department of Social Services, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)* for any of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

OFFICERS, star #s unknown, subjected Plaintiff to physical abuse by striking Plaintiff about his face, including his left and right eyes, by battering him about his body, including but not limited to his right armpit, both of his knees, and his left and right wrists.

12. Individual Defendants and Unknown Sheriff's Correctional Officers prepared false reports and sworn statements relative to their encounter with Plaintiff on November 12, 2006, and tendered those false reports to their superiors who relied on the false reports and sworn statements.

13. As a result of the excessive force by Individual Defendants and Unknown Sheriff's Correctional Officers, Azikiwe Maduka sustained injuries to various parts of his body, including but not limited to his left and right eyes, his left orbital bone, his right armpit, and both of his knees and wrists.

14. Azikiwe Maduka suffered mental, emotional and physical damage as a result of Individual Defendants' and Unknown Sheriff's Correctional Officers' actions from November 12, 2006, and thereafter, specifically, but not exclusively: he generally experiences pain, a lack of enjoyment for life, and other mental and emotional complaints and traumas.

15. As a result of the wrongful actions of the Defendants on November 12, 2006, and thereafter, Azikiwe Maduka incurred physical pain and suffering, humiliation, loss of his liberty, medical and legal expenses, mental distress and anguish, was prevented from attending work and going about his regular business.

**COUNT I**
**42 U.S.C. § 1983 Excessive Force Claim**
**Against Individual Defendants and Unknown Sheriff's Correctional Officers**
**And Against Cook County, as *Indemnitor***

16. Plaintiff Azikiwe Maduka realleges paragraphs 1 through 15.

17. The actions of Individual Defendants and Unknown Sheriff's Correctional

Officers in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff, violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

18. Individual Defendants and Unknown Sheriff's Correctional Officers acted maliciously, willfully, wantonly, and/or in reckless disregard of Plaintiff's constitutional rights to be free from the use of excessive and unnecessary force.

19. The actions of Individual Defendants and Unknown Sheriff's Correctional Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, including the bruising, spraining, contusions, fractures, breaks and pain on his face and body; the experiencing of a lack of enjoyment for life, and other mental and emotional complaints and traumas; anguish and humiliation; loss of personal freedom; and the expenditure of moneys for medical and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, Unknown Sheriff's Correctional Officers, and Cook County, as *Indemnitor*; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

5

**COUNT II**
**42 U.S.C. § 1983 Unreasonable Seizure Claim**
**Against Individual Defendants and Unknown Sheriff's Correctional Officers**
**And Against Cook County, as *Indemnitor***

20. Plaintiff Azikiwe Maduka realleges paragraphs 1 through 15.

21. The actions of Individual Defendants and Unknown Sheriff's Correctional Officers in using physical force against Plaintiff, as set forth more fully above, were without probable cause or reasonable suspicion, were unreasonable in scope and nature, and also violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, against unreasonable seizures and thus violated 42 U.S.C. § 1983.

22. The actions of the Individual Defendants and Unknown Sheriff's Correctional Officers in unreasonably seizing Plaintiff, and/or in ordering the same, and/or failing to stop said seizure, while having the opportunity to do so, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, Unknown Sheriff's Correctional Officers, and Cook County, as *Indemnitor;* additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

**COUNT III**
**Pendent State Law Claim for Battery**
**Against Individual Defendants and Unknown Sheriff's Correctional Officers**
**And Against Cook County, as *Indemnitor***

23. Plaintiff realleges paragraphs 1 through 15.

24. The actions of Individual Defendants and Unknown Sheriff's Correctional

Officers in physically abusing Plaintiff, Azikiwe Maduka, directly and proximately caused the injuries and damages to Plaintiff, including but not limited to the sprains, bruises, fractures, breaks, and contusions on his body as claimed above and constitute the tort of battery under the laws of the State of Illinois.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, Unknown Sheriff's Correctional Officers, and Cook County, as *Indemnitor;* additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

## COUNT IV
**Pendent State Law Claim for Intentional Infliction of Emotional Distress Against Individual Defendants and Unknown Sheriff's Correctional Officers And Against Cook County, as *Indemnitor***

25. Plaintiff realleges paragraphs 1 through 15.

26. In subjecting Azikiwe Maduka to physical abuse, the use of unreasonable and unjustifiable force against Plaintiff, Individual Defendants and Unknown Sheriff's Correctional Officers engaged in extreme and outrageous conduct against Plaintiff.

27. In carrying out the illegal and unreasonable actions of preparing false police reports, Individual Defendants and Unknown Sheriff's Correctional Officers engaged in extreme and outrageous conduct.

28. Individual Defendants and Unknown Sheriff's Correctional Officers intended, by subjecting Azikiwe Maduka to such humiliating, degrading, and unconstitutional and illegal conduct, to inflict severe emotional distress on Azikiwe Maduka, or knew there was a high probability that their conduct

would cause Azikiwe Maduka severe emotional distress.

29. The conduct and actions of the Individual Defendants and Unknown Sheriff's Correctional Officers, as set forth above, were done in a willful and wanton manner and were the direct and proximate cause of Azikiwe Maduka's severe emotional distress, embarrassment and humiliation and constitute intentional infliction of severe emotional distress under the laws of the State of Illinois.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, Unknown Sheriff's Correctional Officers, and Cook County, as *Indemnitor*; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

**Plaintiff Azikiwe Maduka demands a jury trial on each count of this Complaint.**

Respectfully submitted,

/s/ Kevin Rogers
Kevin Rogers
Attorney for Azikiwe Maduka

Dated this 13th day of November, 2007.

KEVIN ROGERS
Attorney at Law
307 N. Michigan Avenue, Suite 305
Chicago, IL 60601
Atty. No.  6192609