IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AZIKIWE MADUKA, | ) | |
| | ) | |
| Plaintiff | ) | No.   07 C 6430 |
| | ) | |
| v. | ) | JUDGE PALLMEYER |
| | ) | |
| COOK COUNTY SHERIFF'S Correctional Officer | ) | MAGISTRATE KEYS |
| E. Johnson, Star # 4361, Correctional Officer G. | ) | |
| Cobbs, Star # 8573, Correctional Officer C. Fong, | ) | JURY DEMAND |
| Star # 7613, Correctional Officer, L. Marquez, Star | ) | |
| 7418, THE SHERIFF OF COOK COUNTY, a | ) | |
| BODY POLITIC and CORPORATE and THE | ) | |
| COUNTY OF COOK, a BODY POLITIC and | ) | |
| CORPORATE. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Azikewe Maduka, by his attorney, Kevin Barry Rogers, for his First Amended Complaint against Defendants, states as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sec. 1983 et seq, and Sec. 1985; the judicial code 28 U.S.C. Sec. 1331 and Sec. 1343(a); the Fourth Amendment of the Constitution of the United States as incorporated and applied to state governments through the Fourteenth Amendment; and supplementary jurisdiction, as provided under U.S.C. Sec. 1367(a).

2. This is an appropriate venue because all of the alleged acts occurred within the

Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

**PARTIES**

3. Plaintiff Azikiwe Maduka is a 29 year old male, and a resident of the City of Chicago, Illinois and citizen of the United States of America .

4. Defendant, COOK COUNTY SHERIFF'S Correctional Officer E. Johnson, Star # 4361, ("Johnson"), is an agent and employee of the Sheriff of Cook County.  At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.  He is being sued here in his individual capacity.

5. Defendant, COOK COUNTY SHERIFF'S Correctional Officer, L. Marquez, Star # 7418, ("Marquez"), is an agent and employee of the Sheriff of Cook County.  At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.  He is being sued here in his individual capacity.

6. Defendant, COOK COUNTY SHERIFF'S Correctional Officer, C. Fong, Star # 7613, ("Fong"), is an agent and employee of the Sheriff of Cook County.  At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.  He is being sued here in his individual capacity.

7. Defendant, COOK COUNTY SHERIFF'S Correctional Officer, G. Cobbs, Star # 8573, ("Cobbs") is an agent and employee of the Sheriff of Cook County.  At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.  He is being sued here in his individual capacity.

8. Defendant Cook County Sheriff is a necessary party to this action and is a body

politic and corporate. Because the office of the Sheriff of Cook County has a responsibility to indemnify the Individual Defendants' liability for official-capacity judgments, whether settled or litigated, as stated in *Carver v. Sheriff of LaSalle County* , 324 F.3d 947 (7th Cir. 2005).

9. The Sheriff of Cook County is responsible for the policies, practices, and customs of the Cook County Sheriff's Correctional Department, its Personnel Division, its Internal Affairs Division ("I.A.D.").[1]

10. Defendant County of Cook is a necessary party to this action and is a body politic and corporate. Because the office of the sheriff is funded by the county, the County of Cook has a responsibility to indemnify the Individual Defendants' liability for official-capacity judgments, whether settled or litigated, as stated in *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2005).

11. The County of Cook is responsible for the policies, practices, and customs of the Cook County Sheriff's Correctional Department, its Personnel Division, its Internal Affairs Division ("I.A.D.")[2].[1]

---

[1] The enunciation of this paragraph is not intended to state a claim, pursuant to Monell v. Department of Social Services, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) for any of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

[2] The enunciation of this paragraph is not intended to state a claim, pursuant to Monell v. Department of Social Services, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) for any of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

**FACTS**

12. On November 14, 2006, Plaintiff was and remained at all relevant times acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the County of Cook.

13. On or about November 14, 2006, at approximately 3:00 p.m., Plaintiff was lawfully inside of 2700 South California, Division 8, Cermak Emergency Room, Cook County IL, and a pretrial detainee.

14. At said location, date and time, COOK COUNTY SHERIFF'S Correctional Officers Johnson, Fong, Cobb and Marquez, ("Individual Defendants"), came to of 2700 South California, Division 8, Cermak Emergency Room, seized the Plaintiff, Azikiwe Maduka, and battered him.

15. At said location, date and time, and time, COOK COUNTY SHERIFF'S Correctional Officers Johnson, Fong, Cobb and Marquez subjected Plaintiff to physical abuse by striking Plaintiff about his face, including his left and right eyes, by battering him about his body, including but not limited to his right armpit, both of his knees, and his left and right wrists.

16. Individual Defendants prepared false reports and sworn statements relative to their encounter with Plaintiff on November 14, 2006, and tendered those false reports to their superiors who relied on the false reports and sworn statements.

17. As a result of the excessive force by Individual Defendants Azikiwe Maduka sustained injuries to various parts of his body, including but not limited to his left and right eyes, his left orbital bone, his right armpit, and both of his knees and wrists.

18. Azikiwe Maduka suffered mental, emotional and physical damage as a result of

Individual Defendants' actions from November 14, 2006, and thereafter, including, but not limited to: pain, a lack of enjoyment for life, and other mental and emotional complaints and traumas.

19. As a result of the wrongful actions of the Defendants on November 14, 2006, and thereafter, Azikiwe Maduka incurred physical pain and suffering, humiliation, loss of his liberty, medical and legal expenses, mental distress and anguish, was prevented from attending work and going about his regular business.

**COUNT I**
**42 U.S.C. § 1983 Excessive Force Claim Against Individual Defendants**
**And Against Sheriff of**
**Cook County , as Indemnitor and/or The County of Cook, as Indemnitor**

20. Plaintiff Azikiwe Maduka realleges paragraphs 1 through 19.

21. The actions of Individual Defendants in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff, violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

22. The Individual Defendants acted maliciously, willfully, wantonly, and/or in reckless disregard of Plaintiff's constitutional rights to be free from the use of excessive and unnecessary force.

23. The actions of Individual Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, including the bruising, spraining, contusions, fractures, breaks and pain on his face and body; the experiencing of a lack of enjoyment for life, and other mental and emotional complaints and traumas; anguish and humiliation; loss of personal freedom; and the expenditure of moneys for medical and legal

expenses, as set forth more fully above.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, the Sheriff of Cook County as Indemnitor and Cook County , as Indemnitor; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 Unreasonable Seizure Claim
### Against Individual Defendants
### And Against Sheriff of Cook County , as Indemnitor And/Or Cook County, as Indemnitor

24. Plaintiff Azikiwe Maduka realleges paragraphs 1 through 19.

25. The actions of Individual Defendants in using physical force against Plaintiff, as set forth more fully above, were without probable cause or reasonable suspicion, were unreasonable in scope and nature, and also violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, against unreasonable seizures and thus violated 42 U.S.C. § 1983.

26. The actions of the Individual Defendants in unreasonably seizing Plaintiff, and/or in ordering the same, and/or failing to stop said seizure, while having the opportunity to do so, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

WHEREFORE, Plaintiff, Azikiwe Maduka, prays the Court will award him compensatory damages, punitive damages, costs, and attorneys fees against Individual Defendants, the Sheriff of Cook County, as Indemnitor and/or Cook County , as Indemnitor; additionally, Plaintiff demands whatever further relief this Court deems equitable and just.

Respectfully submitted,

/s/ Kevin Rogers

Kevin Rogers
Attorney for Azikiwe Maduka

KEVIN ROGERS
Attorney at Law
307 N. Michigan Avenue, Suite 305
Chicago , IL 60601
Atty. No.  6192609